NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PINNACLE PEAK NEUROLOGY, LLC,

Plaintiff-Appellant,

v.

NORIDIAN HEALTHCARE SOLUTIONS, LLC,

Defendant-Appellee.

No.    18-15570

D.C. No. 2:16-cv-03614-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted June 11, 2019**
Anchorage, Alaska

Before:  TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Pinnacle Peak Neurology, LLC ("PPN") appeals from the district court's

dismissal for lack of subject matter jurisdiction of its claims seeking payment for

the provision of Medicare benefits from Noridian Healthcare Solutions, LLC. PPN

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

argues that it did not need to administratively exhaust its claims for Medicare payments, that it has already done so, and, in the alternative, that the exhaustion requirement should be waived in this case. We affirm.

42 U.S.C. § 405(g) provides the "sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984) (alteration in original); *see also* 42 U.S.C. §§ 205(h), 1395ii. Under that provision, judicial review is available only after a "final decision" of the Secretary of Health and Human Services ("Secretary"), *id*. § 405(g), which requires satisfaction of two elements:

> The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type."

*Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 15, 26 (2000); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 (9th Cir. 2003).

**1.** PPN's claims "arise under" the Medicare Act such that it must meet the requirements of § 405(g) to obtain judicial review of those claims. The Supreme Court has interpreted the term "arising under" in this context "quite broadly" to include (1) any claim in which "both the standing and the substantive basis for the presentation" of the claim is the Medicare Act; and (2) any claim that is

2

"inextricably intertwined" with a claim for Medicare benefits. *Heckler*, 466 U.S. at 614-15.

PPN's claims are in essence a claim for Medicare benefits. At bottom, PPN disputes Noridian's calculations of payment amounts effectuating the ALJ's decision regarding coverage determinations and related coding findings. The relief PPN seeks is "compensation th[at] [it] should have received for the services it provided to Medicare beneficiaries." *Kaiser*, 347 F.3d at 1114. And adjudication of the merits of PPN's claims would require the district court not just to enforce the ALJ's decision, but to conduct a benefit calculation to determine whether Noridian's payment calculations made to effectuate the ALJ decision are correct. *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1142–43 (9th Cir. 2010) ("[W]here, at bottom, a plaintiff is complaining about the denial of Medicare benefits . . . the claim 'arises under' the Medicare Act.").

2.      PPN has neither presented its claims to the Secretary nor exhausted available administrative avenues as required by § 405(g). The Medicare Act establishes four levels of administrative review of an "initial determination" limiting payment of a provider's claim. 42 U.S.C. § 1395ff; 42 C.F.R. § 405.904(a)(2). PPN argues that it exhausted its claims because it is only seeking judicial enforcement of the ALJ decision, which it claims became final after Noridian failed to appeal the decision. However, the ALJ decision is not the decision at issue; Noridian's payment

3

calculation effectuating the ALJ decision is. The ALJ decision only made coverage determinations and related coding findings relevant to the calculation of payments. It did not specify any amount of money that Noridian was to pay PPN. After the ALJ issued its decision, Noridian independently calculated the payments due to PPN. "The amount of payment determined by the contractor in effectuating the ALJ's or attorney adjudicator's decision is a *new initial determination*" for such purposes. 42 C.F.R. § 405.1046(a)(3) (emphasis added). PPN does not contest that it has neither presented to the Secretary nor exhausted Noridian's initial determination regarding its payment calculations.[1]

**AFFIRMED**.

---

[1] We do not consider whether the district court erred in denying PPN waiver of its exhaustion requirement because, even if it did, PPN has not met the presentment requirement, which cannot be waived. *See Mathews*, 424 U.S. at 328.